I concur with Judge Todd in the rejection of this evidence. I do not think it relevant. It might be different, if evidence were first introduced to show that the warrants were not in the handwriting of the entry taker; irreparable injury might result to society if the principle were once established that because two warrants were of the same number, the inference might be drawn that one of them was therefore a forgery.
The plaintiff's counsel then offered to read in evidence a certified copy of part of a paper, abstract, or book referred to in the twelfth section of the Act of 1807, c. 2, so far as respects the numbers of warrants on which Sevier's grant issued. The abstract (that being the most proper appellation of such a paper) is stated in that section as a book procured from the office of the secretary of State of the United States. It was alleged that agreeably to that abstract there was but one entry for each of those numbers; and, if admitted, would show by other evidence that Sevier's grant could not have issued on the entries referred to in that paper. But the Court rejected the evidence because the copy produced was only of a part of that abstract.
Parol proof was then offered to show circumstances respecting the loss of the entry books of Washington county about the year 1800; and also to establish the proposition that no such entries as those referred to in Sevier's grant ever were on those books. Several other attempts were made to produce parol proof to various points as stated, all of which evidence was offered with a view to annul or destroy the validity of Sevier's grant.